IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THE MIGHTY SEED CORPORATION, ITS
HOLDING COMPANY, SUBSIDIARY
COMPANIES AND BRANCH
OPERATIONS, Plaintiff Pro Se,
3208 SUE CIRCLE                                                    Civ. No. 04-0960 MV/WDS
RIO RANCHO, NEW MEXICO 87124

       Plaintiff(s),

vs.

TRINITY INSURANCE
COMPANY/UNITREN, 10000 NORTH
CENTRAL HIGHWAY,
DALLAS, TEXAS 75231,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss for Failure to State a Claim, **[Doc. 3]**, filed on September 1, 2004. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion is well taken and will be **GRANTED**.

## BACKGROUND

On July 28, 2004, the Mighty Seed Corporation ("Plaintiff") filed a Complaint for damages resulting from a pedestrian hit-and-run accident involving its Corporate President, Sharon-Joy Palmer ("Palmer"). On August 25, 2004, the action was removed by Trinity Insurance Company ("Defendant") to federal court on the basis of diversity jurisdiction pursuant

to 28 U.S.C. § 1332.  Shortly after its removal, September 1, 2004, Defendant filed the instant motion to dismiss **[Doc. No. 3]**, arguing that Plaintiff could not recover economic losses resulting from personal injuries sustained by Ms. Palmer.  Furthermore, Defendant argued that Plaintiff failed to plead fraud with specificity, sued the wrong insurance company, and could not litigate in federal court *pro se*.

After Defendant filed its motion to dismiss, Plaintiff filed a motion to extend time for its attorney to enter an appearance **[Doc. No. 4]**.  On October 12, 2004, the Court granted Plaintiff's motion to extend time for sixty days **[Doc. No. 7]**.  On November 22, 2004, Shannon Robinson entered her appearance as the attorney for Plaintiff.  Finally, on December 20, 2004, Defendant filed a Notice of Completion of Briefing, arguing that because it had not received any response from Plaintiff as of December 16, 2004, Plaintiff had consented to the grant of the motion.

## DISCUSSION

Defendant seeks to dismiss the instant case pursuant to D.N.M.LR-Civ. 7.6(a), which states that "[a] response must be served within fourteen (14) calendar days after service of the motion."  Under this Rule, the deadline for a response may be extended by agreement of the parties.  Failure to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion.  D.N.M.LR-Civ. 7.1(b).

Over five months have elapsed since Defendant filed its motion to dismiss and Plaintiff has yet to respond. Furthermore, Plaintiff has not sought an extension of the deadline with either the Court or Defendant.  The Local Rules of this Court are not precatory guidelines; they are mandatory strictures which, if not followed, subject a litigant's suit to dismissal.  The Court finds that Plaintiff's failure to file a response within the time frame set forth in the Local Rules

constitutes consent on the part of Plaintiff to grant Defendant's motion to dismiss. Because the Court will grant Defendant's motion to dismiss on this basis, there is no need to address Defendant's substantive legal arguments.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss **[Doc. 3]**, filed on September 1, 2004, is hereby **GRANTED**.

Dated this 21st day of March, 2005.

_____
MARTHA VÁZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:
Shannon Robinson

Attorney for Defendant:
Todd A. Schwarz